UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NICHOLAS R. HANLON,

                        Plaintiff,

                                                    **MEMORANDUM & ORDER**
                v.                                  18-CV-7090 (PKC)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Nicholas R. Hanlon filed this action pursuant to 28 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. This Court ultimately granted Plaintiff judgement on the pleading and remanded to the SSA, where Plaintiff was awarded roughly $100,520 in past-due benefits. Plaintiff's counsel, Mark J. Keller, now moves for $25,130 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, the Court grants Mr. Keller's motion in part, denies it in part, and awards Mr. Keller $19,750 dollars.

## BACKGROUND

Plaintiff filed this action on December 13, 2018. (Dkt. 1.) After briefing, this Court granted Plaintiff's motion for judgment on the pleadings, remanded the case to the SSA for further proceedings, and awarded Plaintiff $7,650 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 22; 03/16/2020 Docket Order.) By letter dated October 4, 2020, the SSA informed Plaintiff that he would be receiving approximately $45,921 in past due benefits, with 25% ($11,480.25) withheld as possible fees for his attorney (Dkt. 25-4); and by separate letter dated October 6, 2020, the SSA informed Plaintiff that he would be receiving approximately $54,600 in past due benefits, with 25% ($13,650) withheld as possible fees for his

1

attorney (Dkt. 25-5), for a total of $100,520 in past-due benefits with $25,130 withheld as possible attorney's fees.[1]  The letters indicated that they were also being sent to Plaintiff's representative. (Dkts. 25-4, 25-5.)

As discussed below, there is a 14-day period for filing motions for attorney's fees pursuant to 42 U.S.C. § 406(b).  The present motion, however, was not filed until December 23, 2020, over two months after the benefits calculations were mailed.  (Dkt. 25.)  Plaintiff and Plaintiff's counsel have both submitted declarations explaining the delay.  (Dkts. 25-1, 25-7.)  Plaintiff states that he received the notices by mail, apparently sometime in mid-October, but did not open them until he was contacted by his attorney on December 14, 2020.  (Dkt. 25-7 ¶¶ 3–5.)  Plaintiff's counsel, Mr. Keller, states that he never received the notices by mail, but that, after inquiring with the agency, the SSA faxed him the notices on December 14, 2020.  (Dkt. 25-1 ¶¶ 5–9.)  Mr. Keller filed the present motion nine days later, seeking $25,130.  (Dkt. 25.)  Along with the motion, Mr. Keller submitted itemized time records indicating that he spent 39.5 hours on this matter.  (Dkts, 25-9.) $25,130 would thus be an effective hourly rate of $636.20.

## DISCUSSION

### I.    Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period proscribed by Rule 54(d) of the Federal Rules of Civil Procedures.  *Sinkler v. Berryhill*, 932

---

[1] The letters do not state the exact amount of past-due benefits awarded, but note that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding a total of $25,130.  (Dkts. 25-4, 25-5.)  In addition, the letters do not clearly explain why two letters were sent two days apart, awarding separate amounts.  However, the letters appear to address different periods of time, and the SSA, in its role as trustee for claimant in this § 406(b) proceeding, confirms that the two amounts of attorney's fees should be considered together, and that the total of $25,130 does not exceed 25% of what Plaintiff was awarded in past-due benefits.  (Dkt. 26 at 3.)

F.3d 83, 91 (2d Cir. 2019).  As to when that 14-day period begins to run, *Sinkler* contains two sentences that appear to be inconsistent, at least in cases like this one, where Plaintiff and Plaintiff's counsel received notice of the benefits calculation on different dates.  In deciding that Rule 54(d) applies to § 406(b) motions, the Second Circuit favorably quoted the Third Circuit's conclusion that the 14-period should run from when "*counsel* is notified of th[e] award" and ultimately held that the 14-day period should run from when "*counsel* receives notice of the benefits award."  *Id.* at 87–88 (emphasis added) (quoting *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010)).  In the "Conclusion" section of *Sinkler*, however, the Second Circuit stated that the 14-day period begins to run "when the *claimant* receives notice of the benefits calculation," and, throughout the opinion, the panel refers to the plaintiff, Sinkler, as the "claimant."  *Id.* at 91 (emphasis added).

This Court and others have concluded that "starting the 14-day period when *counsel* receives notice of the benefit award is more consistent with *Sinkler*'s logic, because until counsel receives notice of the award, the amount of the award remains 'as-yet-unknown' to the relevant party filing the § 406(b) motion."  *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734 (PKC), 2021 WL 4480536, at *2 (E.D.N.Y. Sept. 30, 2021) (collecting cases).  Indeed, starting the clock when plaintiffs receive notice would seem inequitable, depriving counsel of fees to which they are entitled through no fault of their own, and creating a perverse incentive for plaintiffs to conceal that they had received notice of benefits in order to avoid paying their attorneys and thereby keep the entirety of their awards for themselves.  As the Court has previously explained, it does not believe that the Second Circuit could have intended such an outcome.  *See Williams*, 2021 WL 4480536, at *2.

Accordingly, the Court calculates the 14-day filing period from the date that counsel received the benefits calculation.  Plaintiff's counsel received the notice on December 14, 2020,

and filed the present motion on December 23, 2020, nine days later, well within the 14-day filing period. The motion is therefore timely. Moreover, even if the Court were to find that the 14-day filing period began to run from the date Plaintiff received the benefits calculation, the Court would hold that principles of equity justify enlarging the time for Plaintiff's counsel to file the present motion—given Plaintiff's failure to notify counsel of the SSA's letter—making it timely. *Williams*, 2021 WL 4480536, at *3 (collecting cases demonstrating that equitable principles may be used to extend the filing period under Rule 54(d)).

## II.     Reasonableness of the Requested Fee

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee" "not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). The Second Circuit has held that a court's determination of whether fees requested under Section 206(b) are reasonable should "begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

To determine whether a fee is "unreasonable," a district court should consider: (i) "whether the contingency percentage is within the 25% cap"; (i) "whether there has been fraud or overreaching in making the agreement"; and (iii) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citation omitted); *see also Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (same). In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either

that amount or the EAJA award to his clients."); *Barbour,* 2014 WL 7180445, at *2 (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009)).

The courts in this Circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall: (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases. *Rowell v. Astrue*, 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *1 (E.D.N.Y. July 28, 2008) (quoting *Trupia v. Astrue*, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. March 27, 2008)).  In addition, "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, 03-CV-3154 (ARR), 2007 WL 2027320, *2 (E.D.N.Y. May 17, 2007).

Here, Plaintiff retained Mr. Keller pursuant to a 25% contingency-fee agreement.  (Dkt. 25-8.)  There are no allegations of fraud or overreaching with respect to the retainer agreement.  Mr. Keller seeks the full 25% of Plaintiff's past-due benefits—$25,130.  That amount does not exceed the 25% statutory maximum but, in this case, the Court finds that that amount would be a windfall and is thus unreasonable.

Although 39.5 hours was a reasonable amount of time to bill on this case,[2] an effective hourly rate of $636.20 is unreasonable here.   Courts have reduced awards in similar circumstances.[3]   Although Mr. Keller is correct that courts in this Circuit have approved fee awards under Section 406(b) that are above market rates, "the Court must use its own discretion to determine 'whether the requested amount is so large as to be a windfall to the attorney[,]'" *Diberardino*, 2020 WL 6746828, at *5 n.4 (quoting *Wells*, 907 F.2d at 372), and, here, does not find that an hourly rate of $636.20 is reasonable.   Given the circumstances of the representation, the Court thus finds that an award of $19,750, which amounts to an effective hourly rate of $500, would adequately compensate Mr. Keller for the time spent on this case, the risks accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result obtained for Plaintiff.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that the motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part, denied in part, and attorney Mark J. Keller is awarded $19,750.

---

[2] *See, e.g.*, *Epstein v. Comm'r of Soc. Sec.*, No. 19-CV-3624 (PKC), 2021 WL 1998745, at *3 (E.D.N.Y. May 19, 2021) ("32.6 hours is a reasonable amount of time to work on a social security case in this Court."); *Collins v. Saul*, No. 16-CV-6673 (PKC), 2020 WL 4676353, at *2 (E.D.N.Y. Aug. 11, 2020) (24.5 hours); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *1 (E.D.N.Y. Nov. 18, 2019) (29.4 hours); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *1 (E.D.N.Y. June 26, 2019) (32.5 hours); *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *1 (E.D.N.Y. May 28, 2019) (34.9 hours); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (39.5 hours); *Colon v. Berryhill*, No. 15-CV-06314 (PKC), 2018 WL 1730335, at *1 (E.D.N.Y. Apr. 9, 2018) (21.8 hours of work); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018) (21.1 hours).

[3] *See, e.g.*, *Diberardino*, 2020 WL 6746828, at *5 (reducing an effective hourly rate of $642.29 to $500); *Sweda*, 2019 WL 2289221 *3 (reducing an effective hourly rate of $675 to $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (reducing an effective hourly rate of $710.66 to $500).

Upon receipt of this award from the government, Mr. Keller shall promptly refund Plaintiff $7,650, which represents the EAJA fees already received by counsel.  The case remains closed.

SO ORDERED.

/s/ Pamela K. Chen_____
Pamela K. Chen
United States District Judge

Dated: January 11, 2022
       Brooklyn, New York